In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-05-300 CR


____________________



LEROY STAPLES, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the 258th District Court


Polk County, Texas


Trial Cause No. 13,433






 MEMORANDUM OPINION 


 Leroy Staples entered a guilty plea in Cause No. 13,433 to the second degree felony
offense of indecency with a child by contact. (1) The trial court deferred adjudication of guilt
and placed Staples on community supervision for ten years commencing June 6, 1995. 
During the period of community supervision, the State filed a motion to adjudicate on the
grounds that Staples violated the terms of the community supervision order by committing
the criminal offenses of harassment and sexual assault of a child and by associating with
children without the presence of another adult. Staples pled "not true" and the trial court
heard evidence to support the State's motion. The trial court adjudicated guilt and assessed
a twenty-year sentence. 

 Staples's appellate counsel filed a brief that presents counsel's professional evaluation
of the record and concludes the appeal is frivolous. See Anders v. California, 386 U.S. 738,
87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and High v. State, 573 S.W.2d 807 (Tex. Crim. App.
1978). On December 1, 2005, we granted an extension of time for Staples to file a pro se
brief. Staples did not file a response. 

 We reviewed the appellate record and agree with counsel's conclusion that no
arguable issues support an appeal. Therefore, we find it unnecessary to order appointment
of new counsel to re-brief the appeal. Compare Stafford v. State, 813 S.W.2d 503, 511 (Tex.
Crim. App. 1991). The judgment is affirmed.

 AFFIRMED.

 ___________________________

 CHARLES KREGER

 Justice 

Submitted on March 7, 2006

Opinion Delivered March 15, 2006

Do Not Publish

Before Gaultney, Kreger, and Horton, JJ.
1. Staples committed the offense in 1992. The version of the statute then in effect applies to this case. 
See Act of May 12, 1981, 67th Leg., R.S., Ch. 202 § 3, 1981 Tex. Gen. Laws 471, 472 (current statute at Tex.
Pen. Code Ann. § 21.11(a)(1) (Vernon 2003).